### THE HUGH DOHERTY.

(Circuit Court of Appeals, Third Circuit. June 10, 1910.)

#### No. 61.

MARITIME LIENS (§ 65*)—REPAIRS—WORK ORDERED BY CHARTERER.

Evidence considered, and *held* insufficient to sustain the burden of proof resting on a libelant to show by a clear preponderance of the evidence that repairs made on claimant's barge, for which the suit was brought, were ordered by claimant's agent; it being shown that the barge was delivered for repairs by the charterer, which had a running account with libelant, and to which the work was charged, and which was required by the charter to pay for the same.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 103; Dec. Dig. § 65.*]

Appeal from the District Court of the United States for the District of New Jersey.

Suit in admiralty by the Burt & Mitchell Company against the barge Hugh Doherty. Decree for claimant, and libelant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. Zabriskie, for appellant.
A. A. Wray & S. Callaghan, for appellee.

Before BUFFINGTON, Circuit Judge, and BRADFORD and J. B
McPHERSON, District Judges.

BUFFINGTON, Circuit Judge. In the court below Burt & Mitchell filed a libel against the barge Hugh Doherty for repairs. The barge was owned in New York state, and the repairs made in New Jersey. Mrs. Mary F. Doherty, the owner of the barge, defended, inter alia, on two grounds: First, that William H. Doherty, her son, who was alleged to have ordered the repairs, had no authority to do so; and, secondly, that he never ordered them. The court below, without passing on the second question, decided in favor of the claimant on the first ground. In the argument and subsequent reargument of the case there was a difference of opinion in this court as to whether the court below was right on that proposition.

We have turned, therefore, to the other question, and, assuming the son had authority from his mother to order these repairs, did he in fact do so? Now, Mrs. Doherty's barge was chartered by the Robinson, Baxter & Dissosway Towing Company and they were to repair it. There was proof that it was known to the libelant that it was chartered. The towing company used a number of vessels in its business, and had a current repair account of some $4,000 with Burt & Mitchell. Being in possession of the barge, the charterer delivered her to the dry dock of the claimant for repairs on May 7–9, 1907, when $129.29, and on October 31–November 2, 1907, when $113.69 additional, work was done. The bills for such repairs were carried into the general repair account of the towing company, and no bill was rendered to Mrs. Doherty then, or any demand made on her for their payment until after the towing company went into bankruptcy, which was in January, 1908.

We have carefully examined the proofs bearing on the question of whether these repairs were ordered by young Doherty. The burden of proving this is on the libelant. The libelant produces one witness, who testifies Doherty did order them made, while the appellee produces Doherty, who testifies he did not. Baxter, the member of the chartering firm who ordered the boat to be put on the dry dock is dead. As between them and the owner, the charterers were bound to make the repairs. Their credit was good with Burt & Mitchell, the repairs were of a minor character, and there was no apparent or probable reason why Mrs. Doherty should be called into the transaction or consulted about it. We are therefore inclined to regard young Doherty's testimony in that respect as in accord with the probable actions of the parties.

In this contradiction of proof, weighing on the one hand the inherent probabilities, the relations of the parties, the nature of the work done, and the failure to send bill to Mrs. Doherty, and, on the other hand, not overlooking a clear contradiction of young Doherty's testimony in reference to a payment made on the bill, we are, on the whole, of opinion the libelant has not met the burden of proof resting upon it

to establish by a clear weight of the evidence that young Doherty actually ordered the caulking and other work.

The decree below will therefore be affirmed.